NO. 07-05-0350-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 20, 2006


______________________________



SHAWN FULLER,


 Appellant


V.



SCOTT COWAN,


 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2004-595,916; HON. PAULA DAVIS LANEHART, PRESIDING


_______________________________



ORDER DISMISSING APPEAL


 _______________________________


Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant Shawn Fuller and appellee Scott Cowan, by and through their attorneys,
have moved to dismiss this appeal due to all matters having been resolved between the
parties. Without passing on the merits of the cases, we grant the motions pursuant to
Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed
the appeal at the request of the parties, no motion for rehearing will be entertained, and our
mandate will issue forthwith.


 Per Curiam



atibility>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00202-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



NOVEMBER
23, 2010

 



 

IN RE R. WAYNE JOHNSON, RELATOR



 



 

 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator R. Wayne Johnson, appearing pro se, filed a petition for writ of
mandamus.  We will deny his petition.

Background

According to his petition, relator seeks a writ of mandamus against respondent the
Honorable Ana Estevez, judge of the 251st District Court of Potter County.  The petition asserts relator
requested a temporary restraining order which Judge Estevez refused to
grant.  Relator
asks us to order Judge Estevez to issue a temporary restraining order according
to the form he prepared and included in the mandamus record.  The record also contains Plaintiffs
Original Petition for Temporary Restraining Order, a letter from relator to Judge Estevez, and an affidavit of relator.

 

Analysis

Courts will issue mandamus to correct
a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy available by appeal. In re Prudential Ins. Co. of America, 148 S.W.3d 124, 135-36 (Tex.
2004) (orig. proceeding).  The relator must generally bring forward all that is necessary
to establish a claim for relief.  See Tex. R. App. P. 52.7; Dallas Morning News v. Fifth Court of
Appeals, 842 S.W.2d 655, 658 (Tex. 1992). 
This includes providing an adequate record to substantiate the
allegations contained in the petition for mandamus.  Dallas Morning News, 842 S.W.2d at 658; Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).  Absent a sufficient record, mandamus will not
issue.  Id.

Relators mandamus petition must be denied,
for several reasons.  We will mention
two.  First, Rules of Civil Procedure 680
and 684 require a trial court issuing a temporary restraining order to state
why the order was granted without notice if it is granted ex parte; state the reasons for issuance of the order by defining
the injury and describing why it is irreparable; state the date the order
expires and set a hearing on a temporary injunction; and set a bond.  Orders that do not fulfill these requirements
are void.  In re Office of the Attorney General,
257 S.W.3d 695, 697 (Tex. 2008) (per curiam).  The order relator
provided Judge Estevez satisfied none of these requirements.  Judge Estevez did not abuse her discretion by
declining to sign a void order.

            Second,
as relator is aware, the 156th Judicial District
Court of Bee County has declared him a vexatious litigant according to Civil
Practice and Remedies Code Chapter 11.  See Tex. Civ. Prac.
& Rem. Code Ann. § 11.101 et seq.
(Vernon 2002); In re R. Wayne Johnson,
No. 07-09-0008-CV, 2010 Tex. App. Lexis 3584, at *2 (Tex.App.--Amarillo
May 11, 2010, orig. proceeding) (per curiam, mem. op.).  By the
terms of the 156th Judicial District Courts June 14, 2001 order, relator is prohibited from filing any additional litigation
in Texas courts without the permission of a local administrative judge.  Order available at: http://www.courts.state.tx.us/oca/vexatiouslitigants.asp.  See Tex. Civ. Prac.
& Rem. Code Ann. § 11.102(a) (Vernon 2002) (local administrative judge may
grant vexatious litigant permission to file suit only if litigation has merit
and is not filed for the purposes of harassment or delay) and § 11.104(b)
(Vernon 2002) (Office of Court Administration of the Texas Judicial System
shall maintain a list of vexatious litigants under § 11.101).

            As
noted, the mandamus record contains the Plaintiffs Original Petition for
Temporary Restraining Order setting forth the relief relator
seeks.  Relator
is incarcerated in the Institutional Division of the Texas Department of
Criminal Justice.  His original petition
asks for injunctive relief against two prison system employees, the law library
supervisor and the mail room supervisor, whose actions relator
alleges violate his First Amendment rights and violate
federal statutes.  The original petition
would initiate a civil action within the definition of litigation under
Chapter 11.  Tex. Civ. Prac. & Rem. Code Ann. §
11.001(2) (Vernon 2002) (litigation means a civil action commenced,
maintained, or pending in any state or federal court).[1]  

The temporary restraining order relator sought from Judge Estevez would not in any event
have been issued until relators original petition
was filed.  Tex. R. Civ. P. 688.  Relators original
petition cannot be filed without the local administrative judges permission,
and nothing shows that permission has been obtained.  See Tex.
Civ. Prac. & Rem. Code Ann. § 11.103(a) (clerk
may not file suit of vexatious litigant subject to prefiling
order unless litigant obtains order from local administrative judge permitting
filing).  In fact, the mandamus record
affirmatively suggests that such permission has not been obtained.  None of the documents relator
presents contains a trial court cause number or the file stamp of the district
clerk.  For this reason also, Judge
Estevez did not abuse her discretion by declining to grant a temporary
restraining order that could not have been issued. 

For both these reasons, we find relator has not presented a mandamus record sufficient to
demonstrate an abuse of discretion by Judge Estevez.  His petition for writ of mandamus is denied.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

            








 











[1] Relators original petition
seeks only a temporary restraining order. 
We express no opinion on the sufficiency of his pleadings.